

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 3, 1972

Honorable Robert S. Calvert          Opinion No. M-1112
Comptroller of Public Accounts
State of Texas                       Re:  Payment by the State for
Austin, Texas   78711                     licensure of nursing home
                                          administrators.

Dear Mr. Calvert:

Your request for an opinion asks the following questions:

"(1) Can the State pay for the licensure of nursing home administrators?

"(2) Can the State pay the renewal fee?"

Article 4442d, Vernon's Civil Statutes, provides for licensing of Texas nursing home administrators and prescribes license fees and renewal fees.

Section 1396 of Subchapter XIX of the Social Security Act (42 U.S.C.A. §1396) provides for medical assistance grant payments to states and provides in part:

". . . The sums made available under this section shall be used for making payments to States which have submitted, and had approved by the Secretary of Health, Education and Welfare, State plans for medical assistance."

Section 1396a provides in part:

"(a) A State plan for medical assistance must --

". . .

"(29) include a State program which meets the requirements set forth in section 1396g of this title, for the licensing of administrators of nursing homes; . . ."

Section 1396g provides in part:

"(a) For purposes of section 1396a(a)(29) of
this title, a 'State program for the licensing of
administrators of nursing homes' is a program which
provides that no nursing home within the State may
operate except under the supervision of an ad-
ministrator licensed in the manner provided in
this section."

The provisions of Article 4442d, Vernon's Civil Statutes,
meet the requirements of Subdivision (a) of 42 U.S.C.A. §1396g,
above quoted.

In view of the foregoing the Secretary of Health, Edu-
cation and Welfare has required the Texas Department of Mental
Health and Mental Retardation to have a licensed nursing home
administrator to supervise each of its State schools in order to
receive moneys provided in 42 U.S.C.A. §1396, above quoted.

In order for the Department to receive moneys from
Subchapter XIX of the Social Security Act for the care it affords
eligible individuals at its State schools for mentally retarded,
the Department has requested certain individuals to qualify as
a licensed nursing home administrator. The Department seeks to
pay the license fees out of Item 19 of the appropriation to the
Department of Mental Health and Mental Retardation, an appro-
priation made "to defray the costs of meeting and maintaining re-
quirements of Medicare-Medicaid certification in institutions of
the Texas Department of Mental Health and Mental Retardation."

Section 9 of Article 4442d, Vernon's Civil Statutes,
provides the qualifications for an individual to receive a license
as a nursing home administrator. Subdivision (3) of Section 10
provides:

"(3)  Each person licensed as a nursing home
administrator shall pay an initial license fee to
be fixed by the board which shall not exceed
$100.00. Each license issued under this Act shall
expire on June 30 of even-numbered years and may
be renewable. Renewal licenses shall be issued
biennially at a fee to be set by the board which
shall not exceed $100.00 for the biennium. Rea-
sonable fees shall be set by the board for the
issuance of copies of public records in its office
as well as for certificates or transcripts and
duplicates of lost instruments. Each applicant
for examination and license shall accompany the

application with an examination fee of $70.00,
which shall not be refundable, for investigation,
processing, and testing purposes."

In view of the provisions of Article 4442d above quoted,
it is our opinion that the license fees provided for therein are
for the purpose of receiving a license from the State to qualify
as a licensed nursing home administrator and such fees constitute
an expense of the individual seeking to qualify as a licensed
nursing home administrator. Therefore such fees may not be paid
by a State agency.

## S U M M A R Y

License fees imposed by the provisions of
Article 4442d, Vernon's Civil Statutes, for licen-
sure of nursing home administrators may not be paid
by a State agency.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Bill Campbell
Jerry Roberts
Jack Traylor
Harriet Burke

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant